UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-14331-CV-WILLIAMS

JAYVON JAMES BURNS,

    Plaintiff,

v.

CAPTAIN GARHMANN,
*et al.*,

    Defendants.
    _____/

## OMNIBUS ORDER

**THIS MATTER** is before the Court on the "Motion for Injunctive Relief" (DE 7) ("***First Motion***"), "Motion for Leave to File Amended Motion for Injunctive Relief" (DE 11) ("***Motion to File***") with proposed amended "Motion for Injunctive Relief" ("***Amended Motion***") (DE 12), "Petition for Writ of Prohibition" (DE 14) ("***Prohibition Petition***"), and "Petition for Writ of Mandamus" (DE 15) ("***Mandamus Petition***") filed by Plaintiff Jayvon James Burns ("***Petitioner***"). For the reasons discussed below, the Motion to File is **GRANTED** and the First Motion and Amended Motion, Prohibition Petition, and Mandamus Petition are **DENIED**.

**I.**     **DISCUSSION**

    **A.**     **Motions for Injunctive Relief.**

Plaintiff has filed a First Motion, Motion to File, and Amended Motion[1] seeking injunctive relief. In the Amended Motion, Plaintiff claims he has been denied placement

---

[1] The Amended Motion encompasses arguments raised in the First Motion; therefore, the Court finds that the amendment supersedes the First Motion and is considered the operative motion seeking injunctive relief.

in "protecti[ve] management" because of the exercise of his free speech rights against the named Defendants. ( at 1.)  Plaintiff seeks an Order from the Court directing the Defendants to immediately transfer him to "a protection management housing unit out of regions three and four.  Not Hardee C.I., Charlotte C.I., Martin C.I., Suwannee C.I., nor any G.E.O. Graceville or Blackwater C.I." and to be provided with four (4) writing pens. (*Id.* at 4.)

It is well settled that a district court may grant a preliminary injunction or a temporary restraining order only if the moving party establishes: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." S*chiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (per curium) (first citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995), and then citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)); *see also Ramirez v. Collier*, 142 S.Ct. 1264, 1275 (2022) (finding that the party seeking preliminary injunctive relief "'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest") (quoting *Winter v. Nat'l Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008)). A preliminary injunction is considered "an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion for each prong of the analysis." *America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1329 (11th Cir. 2014) (internal quotations and citations omitted); *see also Swain v. Junior*, 961 F.3d 1276, 1284–85 (11th Cir. 2020).

Petitioner largely duplicates the allegations he has made in his initial Complaint, and at this juncture, because the Court has entered an Order dismissing the Complaint as a shotgun pleading and for failure to state a claim, Plaintiff has not demonstrated a substantial likelihood that he will ultimately prevail on the merits of civil rights action. Further, a preliminary injunction should be of the same character as the underlying suit and should not deal with manners that lie "wholly outside" the issues presented in the lawsuit. *See Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on reh'g*, 131 F.3d 950 (11th Cir. 1997). The Court "may not grant injunctive relief to remedy an alleged [constitutional] violation" that "is not at issue in th[e] suit" before the Court. *See King v. Zamiara*, 788 F.3d 207, 217-18 (6th Cir. 2015) (citing *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945)). Because Plaintiff is raising claims relating to the allegations in his Complaint which has been dismissed, his request for preliminary injunctive relief should be denied.

Moreover, to the extent Plaintiff seeks the extraordinary remedy of transfer to a different prison, he has not shown a likelihood of success on the merits. Where a state prisoner is incarcerated is a matter directly within the parameters of the decision-making of corrections officials. "The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 491-492 (1973)). Thus, "a federal court must not unnecessarily involve itself in matters of prison administration." *Osterback v. Kemp*, 300 F.Supp.2d 1238, 1251 (N.D. Fla. 2003) (citation omitted). In other words, the Court may not force Plaintiff's transfer to another facility nor order prison officials to place an inmate in protective custody. Thus, Plaintiff's requested temporary relief is a

greater remedy than that which he would be entitled to receive even if he were to ultimately prevail in this action. Accordingly, his request for injunctive relief is **DENIED**.

### B. Petition for Writ of Mandamus.

Next, Plaintiff has filed a Mandamus Petition (DE 15) requesting that the Court order a state official "T. Banks or her agents" to provide him with copies of informal and formal "grievance log entries[/]records for the months of May, June, July, August, September and October of 2025. . .." (DE 15 at 2.) Federal mandamus relief is available only to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see also Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007). Thus, federal courts "have no authority to issue" a writ of mandamus directing state officials in the performance of their duties. *Lawrence v. Miami-Dade Cnty. State Att'y Off.*, 272 F. App'x 781, 781 (11th Cir. 2008); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986). Because Plaintiff requests relief unavailable from this Court in a § 1983 civil action against state officials, Plaintiff's Mandamus Petition is **DENIED**. Further, at this juncture, the Court cannot issue a writ of mandamus to compel a state actor to perform a duty. However, should Plaintiff choose to file an amended complaint which the Court allows to proceed, he may, at that time, seek discovery from the defense.

### C. Petition for Writ of Prohibition.

Finally, Plaintiff has filed a Prohibition Petition (DE 14) seeking to restrain the named Defendants "from a retaliatory negative adjustment transfer for exercising his right to file grievances against prison officials. (*Id.* at 1.) As with his other motions and petition, Plaintiff seeks an Order from the Court directing the named Defendants to place him in a

"protection management housing unit" where he can "serve the remainder of his sentence." (*Id.* at 3.) The criteria for a writ of prohibition under federal law generally are the same as those for a writ of mandamus. *In re Wainwright*, 678 F.2d 951, 953 (11th Cir. 1982); *see also United States v. Pleau*, 680 F.3d 1, 4 (1st Cir. 2012) (en banc).

Under the All Writs Act, 28 U.S.C. § 1651, Congress has conferred jurisdiction on the federal courts to issue writs of prohibition only "in aid of" their "respective jurisdictions." 28 U.S.C. § 1651(a); *McIntire v. Wood*, 11 U.S. 504, 505–06 (1813) (no jurisdiction under contemporary All Writs Act over action seeking writ of mandamus based on federal law). "The All Writs Act authorizes writs 'in aid of [the courts'] respective jurisdictions,' and thus does not provide an independent basis of federal subject-matter jurisdiction." *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1070 (11th Cir. 2001) (quoting *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)). It is well settled that federal district courts may issue such writs only if there is an independent basis for subject-matter jurisdiction. *See McIntire*, 11 U.S. at 505–06 (no jurisdiction under contemporary All Writs Act over action seeking writ of mandamus against state official based on federal law). There is no such basis here. Therefore, the Plaintiff's request for a writ of prohibition is **DENIED**. *See generally Lovett v. State*, No. 8:25-cv-603-SDM-NHA, 2025 WL 857727 (M.D. Fla. Mar. 19, 2025) (denying writs of mandamus and prohibition against state officials).

At this juncture, Plaintiff's Complaint has been dismissed. Assuming he files an amended complaint stating valid constitutional claims, he will then have an adequate remedy at law—a suit for money damages. Thus, the issuance of either a writ of prohibition or mandamus is not appropriate and therefore **DENIED**.

## II.  CONCLUSION

Accordingly, upon review of the record and relevant authorities, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion (DE 11) for leave to amend his motion for injunctive relief is **GRANTED** solely to the extent that the amended motion for injunctive relief (DE 12) is accepted as filed.

2. Plaintiff's First Motion (DE 7) and Amended Motion (DE 12) seeking injunctive relief are **DENIED**.

3. Plaintiff's Prohibition Petition (DE 14) is **DENIED**.

4. Plaintiff's Mandamus Petition (DE 15) is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 29th day of October, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Jayvon James Burns,** *Pro Se*
DC#D45374
Okeechobee Correctional Institution
Inmate Mail/Parcels
3420 NE 168th Street
Okeechobee, FL 34972